MEMORANDUM **
Abdelnur Hibu Adem, a native and citizen of Ethiopia, seeks review of the Board of Immigration Appeals’ (“BIA”) denial of his application for asylum, withholding of removal and relief under the Convention Against Torture (“CAT”), and the BIA’s denial of his motion to reopen proceedings.
We have jurisdiction under 8 U.S.C. § 1252(a). We review for substantial evidence the BIA’s decision that an applicant has not established eligibility for asylum, withholding of removal, and relief under CAT, and will not reverse unless the evidence compels us to do so. Kumar v. Gonzales, 435 F.3d 1019, 1024 (9th Cir. 2006). We review for an abuse of discretion the denial of Adem’s motion to reopen. Bhasin v. Gonzales, 423 F.3d 977, 983 (9th Cir.2005). We review de novo Adem’s due process claims. Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000).
I
No explicit adverse credibility determination was made against Adem. We therefore take his testimony as true. See Navas v. INS, 217 F.3d 646, 652 n. 3 (9th Cir.2000) (‘Where the BIA does not make an explicit adverse credibility finding, we must assume the applicant’s factual contentions are true.”). Nonetheless, the evidence in the record does not compel a determination that Adem has established eligibility for asylum, withholding of removal, or CAT relief.
*887 Adem’s three-hour detention and questioning in the airport by Ethiopian immigration officials do not rise to the level of suffering or harm required for persecution. “[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive.” Al-Saher v. INS, 268 F.3d 1143, 1146 (9th Cir.2001) (holding that a five to six day detention without abuse or threats did not amount to persecution), amended by 355 F.3d 1140 (9th Cir.2004) (quoting Ghaly v. INS, 58 F.3d 1425, 1431 (9th Cir.1995)). The disappearance of Adem’s parents does not establish a well-founded fear of persecution because it does not “create a pattern of persecution closely tied to [Adem].” Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991).
Because Adem failed to satisfy the lower standard of proof required to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. See Pedro-Mateo v. INS, 224 F.3d 1147, 1150 (9th Cir.2000). Nor does the evidence demonstrate that it is “more likely than not” that Adem would be tortured if removed to Ethiopia. Kamalthas v. INS, 251 F.3d 1279, 1283 (9th Cir.2001); 8 C.F.R. § 208.18(a)(2) (defining “torture” as an “an extreme form of cruel and inhuman treatment”).
II
Adem argues that the Immigration Judge (“IJ”) denied him due process by refusing to admit into evidence his birth certificate and identification card, and by refusing to permit a witness, Omar Khoury, to testify on his behalf. Even if the IJ erred, however, Adem fails to demonstrate the requisite prejudice—i.e., that “the outcome of the proceeding may have been affected by the alleged violation.” Colmenar, 210 F.3d at 971.
Adem does not even suggest how the IJ’s failure to admit the birth certificate and identification card prejudiced him, given that his identity was not a subject of dispute and that he credibly testified as to his Ethiopian citizenship and Eritrean heritage. As acknowledged by Adem’s counsel at the hearing, Khoury’s testimony was being offered to corroborate Adem’s testimony about his parents’ disappearance. Specifically, Khoury was to testify that in 2000, he was informed by mutual relatives that Adem’s parents were arrested in Ethiopia and were believed to have been deported out of the country. Because Adem offered similar credible testimony about his parents’ disappearance, Khoury’s duplicative testimony on this issue, even if it had been admitted, would not have affected the outcome of the proceeding.
Ill
Adem moved to reopen proceedings based on the Ethiopian Consulate’s alleged refusal to renew his passport. The BIA denied this motion, stating that the “alleged failure to process [Adem’s] passport application, without more, is insufficient to serve as a basis ... for reopening.” This denial was not an abuse of discretion because Adem failed to “demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.” Bhasin, 423 F.3d at 984.
PETITION DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.